[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #126
The plaintiff,[1] People's Bank, filed a two-count complaint against the defendants, Lawrence F. Pace, Jr. and David Pace. The plaintiff alleges in count one that by virtue of a promissory note dated June 3, 1988, Lawrence Pace promised to pay it $300,000 plus interest. The plaintiff also alleges that the note was secured by a mortgage deed on the premises at 25 Summit Ridge Road, Shelton, and was executed on the same day. The plaintiff further alleges that the note and mortgage were modified by agreement on November 4, 1993, that Lawrence Pace has failed to pay the principal and interest due under the note as modified, and that it has declared the entire amount due and payable. The plaintiff alleges in the second count that by virtue of a commercial note dated November 4, 1993, the defendants promised to pay it $40,000 plus interest. The plaintiff also alleges that the note was secured by a mortgage deed on the premises at 25 Summit Ridge Road, Shelton. As part of the November 4, 1993 transaction, Lawrence Pace assigned to the plaintiff any and all leases, rentals and occupancy agreements. The plaintiff further alleges that the defendants have failed to make payments on the November 4, 1993 note and mortgage, and that it has declared the entire amount of principal and interest due and payable.
The defendants filed a second answer, special defenses and counterclaim on January 3, 1997. The plaintiff moved to strike all seven of the special defenses in count one and all three of the special defenses in count two and the counterclaim. On December 23, 1997, the court, Thim, J., filed a corrected memorandum of decision granting the plaintiff's motion to strike all but the second, third and sixth special defenses in count one, and the counterclaim. The plaintiff filed an answer to the defendants' second, third and sixth special defenses and the counterclaim on April 22, 1998. The plaintiff now moves for summary judgment. The defendants filed a memorandum in opposition to the plaintiff's motion on November 13, 1998. The matter was heard by the court on October 9, 1998.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith CT Page 14390 if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 380-81, 713 A.2d 820 (1998).
The plaintiff argues that it is entitled to collect sums due under the promissory notes, as the defendants have admitted executing the notes. The plaintiff contends, therefore, that there is no genuine issue of material fact concerning the execution of the agreements, as well as the defendants' failure to pay thereunder. The plaintiff also argues that the defendants' three remaining defenses and counterclaim must fail. The plaintiff has submitted copies of the note, modification agreements, and the affidavit of Teresa Hunter, an account officer for the plaintiff, to show that there is no question of fact as to the note and default. The defendants have not submitted any evidence in opposition to the motion for summary judgment. The court must examine the defendants' special defenses to determine if the plaintiff is entitled to summary judgment on its complaint.
The second special defense alleges that the first count of the plaintiff's complaint makes reference to David Pace, but that the remainder of that count is directed solely to Lawrence Pace. The plaintiff argues that there is no cause of action brought against David Pace in count one of the complaint, and therefore the second defense raises no issue of fact, material or otherwise.
The second special defense does not raise any question of fact, because the first count of the complaint states a cause of action only against Lawrence Pace. Since the second special defense would not have any effect on the outcome of this case, it does not bar judgment on the plaintiff's complaint as a matter of law. CT Page 14391
The third special defense alleges that the plaintiff breached its promise to convert the original mortgage into a standard residential thirty year mortgage upon completion of the defendants' primary owner occupied residence.
The plaintiff argues[2] that the third special defense is within the statute of frauds, and that since there is no writing evidencing the alleged promise, it is entitled to summary judgment as a matter of law. "Any alleged modification or assumption agreement by which the bank is to be bound must be in writing. Otherwise, it is invalid as in violation of the Statute of Frauds. An assignment of a mortgage and/or an agreement to assume a mortgage is certainly an interest in land. Therefore, the Statute of Frauds applies." First Federal Savings LoanAssociation v. Chappell, Superior Court, judicial district of Tolland at Rockville, Docket No. 061212 (January 3, 1997,Rittenband, J.). The Superior Court has considered several other agreements and transactions effecting mortgage relationships as falling within the Statute of Frauds. See Source One v.Dziurzynski, Superior Court, judicial district of Stamford/Norwalk District at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (17 CONN. L. RPTR. 29) (alleged oral agreement not to foreclose between mortgagor and the mortgagee represented an interest in land and as such was within the Statute of Frauds); GEO International Corp. v. Security Pacific Credit,Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 096168 (May 20, 1993, Lewis, J.) (a mortgage clearly is a conveyance of an interest in land, and where loan is to be secured by real estate, interest in land section of Statute of Frauds applies); Bristol Savings Bank v. Cellino, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 504535 (June 3, 1993, Aurigemma, J.), aff'd,34 Conn. App. 914, 642 A.2d 756, cert. denied, 230 Conn. 907,644 A.2d 919 (1994) (alleged agreement by bank to grant permanent mortgage loan to defendants was an agreement concerning an interest in land and not enforceable because it was not in writing); Glastonbury Bank Trust Co. v. CorbettConstruction Co., Inc., Superior Court, judicial district of New London at New London, Docket No. 521355 (October 15, 1992,Walsh, J.) (7 C.S.C.R. 734) (agreement to forbear from foreclosing a mortgage involves an interest in real property; therefore, such an agreement is within the purview of the Statute of Frauds and must be in writing).
Based upon the foregoing cases, the allegations in the CT Page 14392 defendants' third special defense involve an interest in land which, pursuant to the Statute of Frauds, must be evidenced by a writing. Because no evidence of an agreement with the plaintiff to convert the mortgage has been produced, the third special defense does not bar judgment as a matter of law on the plaintiff's complaint.
The sixth special defense alleges that the plaintiff violated the applicable provisions of 15 U.S.C. § 1601 and General Statutes § 36-393, the truth in lending statutes. The plaintiff argues that because the underlying transactions were commercial, the truth in lending laws do not apply. The June 3, 1988 note and the November 4, 1993 note and modification agreement reflect that the underlying mortgages were commercial in nature. (Motion For Summary Judgment, Exhibit A; Exhibit C).
"The Truth in Lending Act contains an express exemption for `[c]redit transactions involving extensions of credit primarily for . . . commercial . . . purposes.' 15 U.S.C. § 1603(1); Connecticut General Statutes § 36-393b(b) (adopting the federal exemptions) . . . The truth in lending laws cited above do not apply here because the subject transaction was primarily for a commercial purpose. The makers of the Note acknowledged the commercial nature of the transaction when they executed the Note, which provides `BORROWER[S] . . . ACKNOWLEDGE THAT THE LOAN EVIDENCED BY THIS NOTE IS A COMMERCIAL TRANSACTION.'"[3] FirstCommerce of America, Inc. v. McDonald, Superior Court, judicial district of Middlesex, Docket No. 075050 (October 2, 1995,Aurigemma, J.) (15 CONN. L. RPTR. 179), aff'd, 42 Conn. App. 901,677 A.2d 993 (1996). See also Bank of New Haven v. Liner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 034516 (July 11, 1995, Curran, S.T.R.), aff'd,41 Conn. App. 908, cert. denied, 237 Conn. 929, 678 A.2d 484 (1996) (loan application which stated its purpose to be commercial was exempt from truth in lending requirements); People's Bank v.Bray, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 124211 (October 7, 1994, Lewis, J.) (truth in lending act does not apply to this commercial loan transaction).
Because the loans here were commercial in nature, the truth in lending laws do not apply. Therefore, the defendants' sixth special defense is inapplicable as a matter of law. Accordingly, since none of the special defenses bar judgment on the plaintiff's complaint as a matter of law, and no questions of CT Page 14393 fact have been raised by the defendants, the plaintiff's motion for summary judgment as to its complaint is granted.
In their counterclaim, the defendants allege that the plaintiff violated CUTPA by (1) making the defendants sign the modification agreement under duress; (2) breaching an oral contract; (3) violating its own lending policies; and (4) violating the truth in lending laws. The plaintiff argues that there are no questions of fact and that it is entitled to judgment as a matter of law on the counterclaim.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
The plaintiff has failed to meet its burden of demonstrating that no genuine issue of material fact exists as to the defendants' counterclaim. The plaintiff's affidavit and exhibits in support of its motion do not eliminate the factual questions which are raised when determining whether the modification agreement was executed under duress and provides a basis for a violation of CUTPA.
Similarly, there are questions of fact with regard to unconscionability as a basis for CUTPA. On a motion for summary judgment, the court is not permitted to make the factual inquiry necessary to determine whether the plaintiff's alleged actions of extending funds to the defendants which the plaintiff knew the defendants would not be able to repay constitutes unconscionable conduct. The plaintiff's affidavit and exhibits shed no light on this issue. The plaintiff has failed to present any evidence indicating what its lending polices are and whether those policies were complied with here. Accordingly, the plaintiff has failed to carry its burden of demonstrating that no genuine issue of material fact exists as to the defendants' counterclaim in this regard. Therefore, the court denies the plaintiff's motion for summary judgment on the defendants' counterclaim.
The plaintiff's motion for summary judgment is granted as to its complaint, since the second, third and sixth special defenses do not raise any genuine issues of material fact and the plaintiff is entitled to judgment as a matter of law. However, the plaintiff's motion for summary judgment is denied as to the defendants' counterclaim. CT Page 14394
BALLEN, J.